PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking rocks when he was traveling northbound on U.S. Route 119 in Kanawha County. U.S. Route 119 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on April 21, 2003, at approximately 6:30 a.m. On the rainy morning in question, claimant was traveling northbound on U.S. Route 119 in his 1997 Dodge Ram 1500 Series. U.S. Route 119 is a two-lane road that is'marked at the location of claimant’s accident as a “falling rock” area with a speed limit of forty-five miles per hour. Mr. Standiford was driving northbound on U.S. Route 119 toward the interstate and he was driving around twenty-five to thirty miles per hour due to the weather conditions. Claimant was proceeding on U.S. Route 119 when rocks from the hillside adjacent to U.S. Route 119 fell into his lane oftraffic. Claimant’s vehicle struck the rocks and sustained damage to the passenger side tires and rims totaling $1,100.00.
The position of the respondent was that it did not have notice of the rocks on U.S. Route 119. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located at various locations along U.S. Route 119 to warn drivers proceeding on the roadway. Mr. David Fisher, Highway Administrator for respondent in Kanawha County, testified that this is an area that has rock falls occasionally and that there are rock fall signs placed along the highway. Mr. Fisher testified that there was a telephone call about a rock fall, but it came after the claimant’s incident. Respondent maintains that there was no prior notice of any rocks on U.S. Route 119 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman *210 v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on U.S. Route 119 in Kanawha County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.